IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY § <br> RESEARCH INSTITUTE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> LG CORPORATION, § <br> LG ELECTRONICS, INC., § <br> LG ELECTRONICS U.S.A., INC., AND § <br> LG ELECTRONICS MOBILECOMM § <br> U.S.A., INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Industrial Technology Research Institute (hereinafter "ITRI" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendants LG Corporation, LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively, "LG" or "Defendants") as follows:

## THE PARTIES

1. ITRI is the Republic of China, Taiwan's scientific research institution having a principal address of 195, Sec. 4, Chung Hsing Rd., Chutung, Hsinchu, Taiwan 31040, R.O.C.

2. Upon information and belief, LG Corporation is a Korean corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea. Upon information and belief, LG Electronics may be served at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea via an officer, a managing

or general agent, or any other agent authorized by appointment or by law to receive service of process.

3.  Upon information and belief, LG Electronics, Inc. is a Korean corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.  Upon information and belief, LG Electronics, Inc. may be served at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Upon information and belief, LG Electronics, Inc. is a wholly owned subsidiary of LG Corporation.

4.  Upon information and belief, LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ, 07632.  Upon information and belief, LG Electronics U.S.A., Inc. may be served with process by serving its registered agent, United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Upon information and belief, LG Electronics U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc.

5.  Upon information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation having its principal place of business at 10101 Old Grove Road, San Diego, California 92131.  Upon information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. also conducts business as "LG Mobile Phones."  Upon information and belief, LG Electronics MobileComm U.S.A., Inc. may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas 77062.  Upon information and belief, LG Electronics MobileComm U.S.A., Inc. is a wholly owned subsidiary of LG Electronics U.S.A., Inc., and operates in concert with LG

Electronics, Inc. and LG Electronics U.S.A., Inc. in selling and marketing mobile telephones in this District and elsewhere in the United States.

6. LG Corporation, LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. will be collectively referred to as "LG."

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas. Each Defendant has sought protection and benefit from the laws of the State of Texas. Each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

9. More specifically, each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and/or sells its products to customers in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Upon information and belief, each Defendant has committed the tort of patent infringement in the State of Texas and in the

Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, each Defendant has committed acts within this judicial District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District. Further, LG Electronics, Inc. intentionally availed itself of this judicial District by intentionally filing and presently prosecuting at least one patent infringement suit in the Eastern District of Texas, namely *LG Elecs., Inc. v. Vizio, Inc., et. al.*, No. 5:10-CV-00161 (E.D. Tex. filed Sept. 15, 2010). LG Electronics, Inc. has also filed other patent infringement lawsuits in this District, including *LG Elecs., Inc. v. Funai Elec. Co., Ltd., et. al.*, No. 5:09-CV-114 (E.D. Tex. filed Aug. 12, 2009); *LG Elecs., Inc. v. Hitachi, Ltd., et. al.*, No. 9:07-CV-00138 (E.D. Tex. filed June 18, 2007); and *LG Elecs., Inc. v. TTE Tech., Inc.*, et. al., No. 5:07-CV-0026 (E.D. Tex. filed Feb. 9, 2007).

## COUNT I

### Patent Infringement of U.S. Patent No. 6,211,825

11. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-10 as though fully set forth herein.

12. United States Patent No. 6,211,825, titled "Dual-Notch Loaded MicroStrip Antenna," (hereinafter "the '825 patent") was duly and legally issued by the United States Patent and Trademark Office on April 3, 2001, after full and fair examination. A true and correct copy of the '825 patent is attached as Exhibit A and made a part hereof.

13.     ITRI is the owner of all right, title, and interest in and to the '825 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '825 patent throughout the entire period of LG's infringing conduct.

14.     The '825 patent is valid and enforceable.

15.     LG has at no time, either expressly or impliedly, been licensed under the '825 patent.

16.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '825 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '825 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

17.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '825 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, mobile phones with antenna devices that fall within the scope of one or more claims of the '825 patent, including, but not limited to, products bearing antennas, such as the Chocolate BL40 mobile phone and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '825 patent

in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '825 patent throughout the entire period of its infringing conduct.

18. Upon information and belief, LG's acts of infringement of the '825 patent have been and/or will be willful and intentional.

19. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '825 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT II

### Patent Infringement of U.S. Patent No. 6,459,413

20. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-19 as though fully set forth herein.

21. United States Patent No. 6,459,413, titled "Multi-Frequency Band Antenna," (hereinafter "the '413 patent") was duly and legally issued by the United States Patent and Trademark Office on October 1, 2002, after full and fair examination. A true and correct copy of the '413 patent is attached as Exhibit B and made a part hereof.

22. ITRI is the owner of all right, title, and interest in and to the '413 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '413 patent throughout the entire period of LG's infringing conduct.

23. The '413 patent is valid and enforceable.

24. LG has at no time, either expressly or impliedly, been licensed under the '413 patent.

25. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/all predecessors in interest and/or implied or express licensees of the '413 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '413 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

26. Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '413 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, mobile phones with antenna devices that fall within the scope of one or more claims of the '413 patent, including, but not limited to, the POP GD510, Remarq LN240, dLite GD570, LX370, GS170, Ally VS740, Lotus Elite LX610, Sentio GS505, Rumor UX260, Cosmos VN250, Fathom VS750, Shine CU720, Viewty Snap GM360, Vu Plus GR700, enV Touch VX11000, Voyager VX10000, and Crystal GD900 mobile phones products and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '413 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '413 patent throughout the entire period of its infringing conduct.

27. Upon information and belief, LG's acts of infringement of the '413 patent have been and/or will be willful and intentional.

28. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '413 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## CONCLUSION

29. Unless Defendants are enjoined by this Court from continuing their patent infringements, Plaintiff will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

30. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

31. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

32. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

33. Plaintiff respectfully requests that the Court find in its favor and against LG, and that the Court grant Plaintiff the following relief:

A. A judgment that each Defendant has infringed and continues to infringe each of the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of such patents;

B. A judgment for an accounting of all damages sustained by ITRI as a result of the acts of infringement by each Defendant;

C. A judgment and order requiring each Defendant to pay ITRI damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement until entry of the final judgment with an accounting as needed, and any royalties determined to be appropriate;

D. A judgment and order requiring each Defendant to pay ITRI pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

F. A preliminary and thereafter a permanent injunction against each Defendant's direct infringement, active inducements of infringement, and/or contributory infringement of each of the patents-in-suit as alleged herein, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

G. Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: November 25, 2010 | Respectfully submitted, |
| | By: */s/ Alfonso G. Chan* |

        Michael W. Shore
        Texas Bar No. 18294915
        Alfonso Garcia Chan
        Texas Bar No. 24012408
        **SHORE CHAN BRAGALONE DEPUMPO LLP**
        Bank of America Plaza
        901 Main Street, Suite 3300
        Dallas, Texas 75202
        Phone: 214-593-9110
        Fax: 214-593-9111
        mshore@shorechan.com
        achan@shorechan.com

        Richard A. Adams
        Texas Bar No. 00786956
        Phillip N. Cockrell
        Texas Bar No. 04465500
        Corey D. McGaha
        Texas Bar No. 24057992
        **PATTON ROBERTS PLLC**
        2900 St. Michael Dr., Suite 400
        P.O. Box 6128
        Texarkana, Texas 75503
        Phone: 903-334-7000
        Fax: 903-334-7007
        radams@pattonroberts.com
        pcockrell@pattonroberts.com

        Jon B. Hyland
        Texas Bar No. 24046131
        Robert D. Katz
        Texas Bar No. 24057936
        **PATTON ROBERTS PLLC**
        Bank of America Plaza
        901 Main Street, Suite 3300
        Dallas, Texas 75202
        Phone: 214-580-3826
        Fax: 903-334-7007
        jhyland@pattonroberts.com
        rkatz@pattonroberts.com

        Attorneys for Plaintiff
        **INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE**